NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARSTEN IGOR ROSENOW Ph. D., | No. 25-6997 |
| Plaintiff - Appellant, | D.C. No. 3:19-cv-01297-WQH-MMP |
| v. | MEMORANDUM[*] |
| META PLATFORMS, INC.; YAHOO INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Carsten Rosenow filed a pro se action against Facebook and Yahoo for violations of the Stored Communications Act (SCA), 18 U.S.C. § 2702, and the Wiretap Act, 18 U.S.C. § 2511, after both companies disclosed his communications

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

over their platforms to law enforcement. Those disclosures ultimately led to his convictions for attempted child sexual exploitation and possession of child sexual abuse material. *See United States v. Rosenow*, 50 F.4th 715 (9th Cir. 2022) (affirming Rosenow's conviction). He now appeals the district court's dismissal of his Second Amended Complaint (SAC) without leave to amend, and the denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), and we accept the factual allegations as true. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We review a district court's denial of a motion for reconsideration for abuse of discretion. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

1.      Dismissal of the SCA claims. The SCA prohibits providers of electronic communication and remote computing services from "divulg[ing] to any person or entity the contents" of electronically stored communications, records, and other information. § 2702(a). The district court correctly dismissed Rosenow's SCA claims against Facebook and Yahoo. The companies' actions were legal under three exceptions to the SCA's prohibition: (1) the disclosures were made in connection to an National Center for Missing and Exploited Children (NCMEC) report; (2) Rosenow consented to the disclosure of the communications; and (3) the parties

disclosed the communications to protect their rights and property. *Id*. § 2702(b)(3), (5), (6).

First, the disclosures are lawful because they were disclosed "in connection with a report submitted" "to the [NCMEC]" "under section 2258A." *Id*. § 2702(b)(6). Facebook and Yahoo had knowledge of an "apparent" violation of sex exploitation laws "involv[ing] child pornography" based on Rosenow's communications on their platforms, and they disclosed the communications in a report submitted to the NCMEC. 18 U.S.C. § 2258A(a); *Rosenow*, 50 F.4th at 738–39. While Section 2258A(b) provides that a report to the NCMEC "*may*" include certain information, the language does not *limit* the contents to images, as Rosenow contends. In any case, some of the disclosures did contain images.

Second, the disclosures are lawful under the SCA because Rosenow consented to his communications being potentially disclosed. § 2702(b)(3). The district court properly incorporated both Facebook and Yahoo's terms of service into the complaint because the SAC "refer[red] extensively" to them. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). Those terms of service that Rosenow agreed to reasonably alerted him to the potential of

disclosure. *See Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024); *Rosenow*, 50 F.4th at 732.[1]

Third, Appellees' disclosures fall under the SCA's exception for the "protection of the [providers'] rights or property." § 2702(b)(5). Facebook and Yahoo acted to prevent their services from being used in the production of child pornography and to comply with legal duties and avoid potential consequences. *Rosenow*, 50 F.4th at 733; § 2258A(a), (e) ("When a provider has 'actual knowledge' of circumstances supporting a violation, the provider must report such 'facts or circumstances' to NCMEC 'as soon as reasonably possible,'" or the provider must pay substantial fines).

Rosenow responds to the application of the above exceptions by arguing that the district court incorrectly interpreted the SCA and its exceptions. Specifically, he argues that the district court misapplied the interpretive canon that courts must

---

[1] Rosenow's attempts to distance himself from the agreements are unavailing. As to Facebook's policy, Rosenow alleges he "may have" opened the account in Germany, and thus he might have agreed to different terms. We need not accept such conjecture as true at the motion to dismiss stage. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("We are not required to accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Rosenow also claims that he never agreed to Yahoo's U.S. terms of service for the "europe_120@yahoo.com" account because he opened the account in Asia, but plainly contradicts that assertion by alleging that the account was "his Yahoo USA email account." Regardless, he does not explain how the terms differ such that it would make a difference as to whether he consented.

interpret the specific over the general because it construed the above exceptions broadly, thereby overriding other specific provisions in the SCA. This argument is unavailing because the above exceptions *are* specific as applied to this context.[2]

2.  Dismissal of the Wiretap Act claim. The district court correctly dismissed the Wiretap Act claim against Yahoo. The Wiretap Act makes it unlawful to "intentionally intercept[ ] … any wire, oral, or electronic communication" or to "use[ ]" or "disclose[ ]" the contents of any intentionally intercepted communication. 18 U.S.C. § 2511(1). "Intercept" under the Wiretap Act has a "narrow definition"— the communication "must be acquired during transmission, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (citation omitted). Here, the communications disclosed by Yahoo were stored communications as opposed to intercepted communications, which are not protected by the Wiretap Act. Rosenow admitted that Yahoo "pulled his full chat history on the Yahoo USA Messenger," and included a "date of last reported chat," suggesting that

_____

[2] Rosenow also fleetingly references a First Amendment argument. We do not address this argument because it was inadequately briefed. *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010). Even if we did, the First Amendment only applies to government action, and both Facebook and Yahoo acted as private actors here. *Rosenow*, 50 F.4th at 729-31 (concluding that Facebook and Yahoo were not government actors because "a private actor does not become a government agent simply by complying with a mandatory reporting statute").

5                                                    25-6997

the communications were previously stored and retrieved thereafter. This admission rebuts Rosenow's attempt to pivot and characterize the disclosures as "intercepted."

3.  Denote of motion for reconsideration. As a threshold matter, although Rosenow explicitly requests reversal of the district court's denial of his motion for reconsideration, he does not sufficiently argue why the district court erred and thus forfeits that challenge. *Brownfield*, 612 F.3d at 1149 n.4. In any case, it was not an abuse of discretion for the district court to deny Rosenow's motion for reconsideration because he did not make the requisite showing. *See Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).[3]

**AFFIRMED**.

---

[3] The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Rosenow's state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (A district court has discretion to decline to exercise supplemental jurisdiction, and the balance of factors (judicial economy, convenience, fairness, and comity) will usually "point toward declining to exercise jurisdiction") (citation omitted).